ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 12 3537**

------------------------------------x

SMG,

**SUMMONS ISSUED**

     Plaintiff,

**COMPLAINT**

___ CIV ___

-against-

VARIOUS JOHN DOES, JANE DOES, AND ABC COMPANY,

**FEUERSTEIN, J.**

     Defendants.

**BOYLE, M.J.**

------------------------------------x

## JURISDICTION AND VENUE

1. This is a complaint for trademark infringement and false designation of origin arising under the Lanham Act (15 U.S.C. §1501 et seq.) and under the laws of the State of New York.

2. This Court has exclusive jurisdiction over this action under 28 U.S.C. §1331 and 1338(a), 15 U.S.C. §§1121, 1125, 1126, 1116, 1114, and upon the principles of pendent jurisdiction.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand ($75,000.00) Dollars.

4. Jurisdiction for the causes of action under the common law of the State of New York arises under 28 U.S.C. §1338(b) because these causes of action assert unfair competition, misappropriation of right of publicity and other actions under the actions under the law of the State of New York and are joined with substantial and related claims under the Federal Trademark Law.

## THE PARTIES

5. Plaintiff, SMG, is a Pennsylvania General Partnership. SMG leases and manages the Nassau Veterans Memorial Coliseum, ("Nassau Coliseum") located at 1255 Hempstead Turnpike, Uniondale, New York 11553. None of SMG's partners are citizens of New York.

6. Upon information and belief, Defendants transact, do business and will be present in New York on and before, January 1, 2012, and are subject to the jurisdiction of this Court. The identity of the various John Does and Jane Does is not presently known and the Complaint will be amended to include the name of the defendants *if and when they permit themselves to be* identified.

## FACTS

### Souvenirs at the Nassau Coliseum

7. Plaintiff SMG operates the Coliseum under a lease from the County of Nassau. The Nassau Coliseum is a sports, entertainment, convention and exposition complex. SMG is the successor in interest, in its operation of the Nassau Coliseum, to Hyatt Management Corporation of New York, Inc., and Facility Management of New York, Inc.

8. Nassau Coliseum produces and presents entertainment events featuring such musical performers as Black Eyed Peas, Jay-Z, Taylor Swift, and many others. Nassau Coliseum regularly hosts the New York Islanders Hockey, New York Dragons Arena Football team, Disney On Ice, the Harlem Globetrotters, Monster Jam, and innumerable other entertainment events. All of the Nassau Coliseum's events feature well known performers and events. (Collectively, "Performers").

9. SMG is the exclusive operator of souvenir merchandise concessions, except for the New York Islander's Hockey Club and Dragons concession for events at Nassau Coliseum.

Accordingly, only souvenir merchandise offered for sale by SMG, or an approved vendor such as the Islander Shop, can be purchased for events at the Nassau Coliseum. No other person or entity is authorized to sell such souvenir merchandise in and around Nassau Coliseum.

10. Before each event or performance, SMG acquires the exclusive right to sell at Nassau Coliseum souvenir merchandise bearing the Marks or logos, trade names and likenesses of the Performers.

11. The Performers at Nassau Coliseum authorize the sale of concert or event souvenir merchandise at scheduled Nassau Coliseum events. Such authorized souvenir merchandise is highly sought after by the public and substantial quantities of such souvenir merchandise is regularly sold at each Nassau Coliseum event.

12. Pursuant to specific arrangements with the Performers appearing at Nassau Coliseum, or the authorized merchandisers of such Performers, SMG has for virtually every event at Nassau Coliseum obtained the exclusive right to sell such souvenir merchandise. To obtain its rights, SMG pays a portion of the selling price of such items to the Performers or their authorized representatives.

13. As a result of the popularity of the Performers appearing and events conducted at Nassau Coliseum and the souvenirs bearing the Performers' names, trademarks, logos, and likenesses as well as the advertising and marketing of those performers, each of such Performers' names, trademarks, logos and likenesses have developed, and now possess, a secondary and distinctive trademark meaning to purchasers of such souvenirs.

14. Defendants are manufacturing and distribution companies, and unlicensed peddlers who will be attempting to distribute and sell, both inside and outside the confines of Nassau Coliseum before, on, and after each event, unauthorized and inferior souvenir

merchandise embodying the trademarks, trade names, logos, likenesses and names of the Performers appearing at Nassau Coliseum (collectively "Bootleg Souvenir Merchandise") in violation of SMG's rights under the Lanham Act and laws of the State of New York.

15. Based upon SMG's experience in selling souvenir merchandise at Nassau Coliseum for over two decades, SMG is certain that at each of the Performers' appearances or events at Nassau Coliseum Defendants will attempt to sell Bootleg Souvenir Merchandise.

16. Defendants' sale of Bootleg Souvenir Merchandise is and will be without the permission or authorization of SMG. Nor will Defendants have obtained any license to manufacture, distribute or sell the Bootleg Souvenir Merchandise.

17. Upon information and belief, Defendants have been transacting and continue to transact business in this State and elsewhere in interstate commerce, and have been and continue to infringe SMG's rights in the trademarks, trade names, names, logos and likenesses of the Performers appearing at Nassau Coliseum. Upon information and belief, Defendants also regularly have been and now do conduct and solicit business and derive substantial revenue from goods sold, used, and consumed in this State, including the Bootleg Souvenir Merchandise.

**Prior Order of Disposition and Seizure**

18. This is a related case to Facility Management of New York, et al v. Jane Does, et al, 86-CV-4201 (E.D.N.Y.) ("Bootleg Action 1") assigned to Senior District Court Judge I. Leo Glasser.

19. On December 16, 1986, SMG's predecessor in interest (Facility Management of New York) filed a Compliant and an Order to Show Cause on Motion for Preliminary Injunction with Temporary Restraining Order and Order of Seizure in this Court in response to similar events and acts of various John and Jane Does, and ABC Companies attempts to sell Bootleg Souvenir Merchandise at Nassau Coliseum.

1681457.1\C046113\0217541

20. On December 23, 1986, District Court Judge Raymond Dearie granted SMG's predecessor-in-interest a preliminary Injunction with order of Disposition and Seizure.

21. On January 16, 1987, District Court Judge Henry Bramwell granted a Permanent Injunction with Order of Disposition and Seizure, attached as Exhibit A.

22. Subsequently, Judge I. Leo Glasser held a pretrial conference, with only SMG's counsel present, to determine the status of Bootleg Action 1. Following the conference, Judge Glasser agreed to allow SMG to: (1) dismiss Bootleg Action 1; (2) file new civil actions on a quarterly basis each year as related cases to the Bootleg Action 1; and (3) at the end of each quarter, close each action by obtaining a default judgment and permanent injunction against defendants who do not answer or appear to contest the action, attached as Exhibit B.

23. On October 29, 2007, District Judge Sandra Feuerstein held a status conference, with only SMG's counsel present, in a related case, <u>SMG v. Various John Does, Jane Does, and ABC Company</u>, 03-CIV-2032 (E.D.N.Y.), and requested that a new civil action be filed for 2008.

24. Counsel for SMG thereafter filed a new related civil action, captioned <u>SMG v. Various John Does, Jane Does, and ABC Company</u>, 07-CIV-05336 (E.D.N.Y.). On April 8, 2008, District Judge Sandra Feuerstein held a telephonic status conference, with only SMG's counsel on the line, in <u>SMG v. Various John Does, Jane Does, and ABC Company</u>, 07-CIV-05336 (E.D.N.Y.), and requested that new civil actions be filed twice yearly.

25. This action is a related action subject to Judge Glasser's set procedure, as modified by Judge Feuerstein.

1681457.1\C046113\0217541

## **COUNT I.**

### Violation of §43(a) of the Lanham Act

26.     Plaintiff repeats and realleges paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.     This count arises under §43(a) of the Lanham Act relating to trademarks, trade names and unfair competition entitled "False Description of Origin and False Descriptions Forbidden," 15 U.S.C. §1125(a), and involves false descriptions in commerce.

28.     The Bootleg Souvenir Merchandise sold by Defendants, which contains the names, trade names, trademarks, logos and likenesses of the Performers and events at Nassau Coliseum, is of the same general nature and type as the souvenir merchandise sold or authorized to be sold by SMG. The Bootleg Souvenir Merchandise is so related to and indistinguishable from authorized souvenir merchandise that Defendants' use is likely to, and is certainly intended to, cause confusion to the general purchasing public.

29.     Defendants, by misappropriating and using the names, trade names, logos, trademarks and likenesses of the Performers, as exclusively licensed to SMG, have misrepresented and falsely described to the general public the origin and source of the Bootleg Souvenir Merchandise, creating the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of such merchandise.

30.     In addition, the sale of the Bootleg Souvenir Merchandise by the Defendants will infringe upon and dilute the Performers' trademarks and trade names and rights of Plaintiff in and to those trademarks and trade names.

31.     The Bootleg Souvenir Merchandise is of inferior quality and the sale of it will damage and dilute the goodwill generated by SMG, and the reputation which SMG and the

1681457.1\C046113\0217541

Performers have developed in connection with the sale of legitimate, high quality souvenir merchandise.

32. Defendants' sale of the Bootleg Souvenir Merchandise is without permission or authority of SMG and constitutes express and implied misrepresentations that the souvenir merchandise was created, authorized or approved by SMG. Defendants have not obtained any license, authority or approval to manufacture, distribute or sell such Bootleg Souvenir Merchandise.

33. These acts by Defendants violate Section 43(a) of the Lanham Act in that the Defendants will use, in connection with goods and services, a false designation of origin and have cause and will continue to cause the Bootleg Souvenir Merchandise to enter into interstate commerce.

34. SMG has no adequate remedy at law and, if Defendants' activities are not enjoined, SMG will suffer irreparable harm and injury to its image and reputation.

## COUNT II.

### New York Unfair Competition

35. SMG repeats and realleges paragraphs 1 through 34 as if fully set forth herein.

36. This is a claim against Defendants for unfair competition under the laws of the State of New York.

37. The Performers and SMG have built up valuable goodwill in the Performers' and Plaintiff's' trademarks, trade name, logos and the distinctive appearance of the trade dress of their souvenir merchandise.

38. Defendants' use of these trademarks, trade name, logo and trade dress is likely to and does permit Defendants to palm off Defendants' goods as those of SMG to an unsuspecting general public, to the detriment of SMG, while unjustly enriching Defendants.

1681457.1\C046113\0217541

39. Defendants, with full knowledge of the notoriety of the Performers' trademarks and trade name and SMG's rights in those, intend to and do trade on the goodwill associated with those trademarks, trade names and logos and have misled and will continue to mislead the public into assuming a connection between the SMG's souvenir merchandise and Defendants' Bootleg Souvenir Merchandise.

40. Defendants' use of the trademarks, trade name and logos and variations of those, have caused and are likely to continue to cause damage to SMG by tarnishing the valuable reputation and image associated with SMG and its souvenir merchandise. Defendants have further palmed off their goods as those of SMG by labeling and misrepresenting to the public, which is likely to and have believed that Defendants' Bootleg Souvenir Merchandise emanates from, or is associated with, SMG.

41. Defendants' actions confuse and deceive the public as to the source of Defendants' Bootleg Souvenir Merchandise, and permit the palming off of Defendants' Bootleg Souvenir Merchandise as those of SMG, and falsely suggests a connection with SMG. Defendants' acts, therefore, result in unfair competition with SMG in violation of New York State law.

42. SMG has no adequate remedy at law, and if Defendants' activities are not enjoined, SMG will suffer irreparable harm as a result thereof.

## COUNT III.

### Misappropriation of Plaintiff's Rights of Publicity

43. SMG repeats and realleges paragraphs 1 through 42 as if fully set forth herein.

44. SMG and the owners of the names and likenesses of the Performers have invested substantial amounts of money, time and energy in advertising, publicizing and promoting these

names and likenesses which as a result thereof have developed and now possess a separate right of publicity.

45. Defendants' use of these names and likenesses constitutes willful infringement and misappropriation of rights of publicity in and to such names and likenesses for which SMG is the exclusive licensee in connection with the sale of souvenir merchandise at Nassau Coliseum.

46. By reason of Defendants' wrongful and unlawful acts, SMG will suffer damage to its business reputation and goodwill and the loss of sales and profits SMG would have made but for Defendants' actions.

47. Unless Defendants' acts are immediately restrained, SMG will suffer irreparable injury in that the Defendants' actions will:

   (a) Deprive SMG of the absolute right to determine the manner in which to use the names, likenesses, trade names, logos and artwork of SMG and the Performers are represented to the general public through souvenir merchandise sold to them by the owners and authorized representatives of the marks.

   (b) Allow Defendants to unlawfully exploit the commercial value that the Performers, the licensors and licensees, and SMG itself has developed in the names, likenesses, trade names, logos and artwork, associated with the Performers.

   (c) To the extent that the imitative Bootleg Souvenir Merchandise is of inferior quality, irreparably harm the reputation of SMG because the

9

      public has no way of knowing that the Bootleg Souvenir Merchandise did not originate with SMG.

    (d) Deprive SMG of its just revenues as no part of the sales of the Bootleg Souvenir Merchandise is paid to SMG who is unable to recover damages from Defendants because Defendants sell their product anonymously by individual transient salespersons.

48. SMG has no adequate remedy at law.

WHEREFORE, SMG respectfully prays that this Court grant the following relief:

1. That this court issue a temporary restraining order and a preliminary injunction restraining, enjoining and prohibiting the Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons, firms and corporations acting in concert or participation with or under the Defendants or on the Defendants' behalf, from;

    (a) Manufacturing, distributing, selling, offering for sale or advertising any product in or near Nassau Coliseum or any part thereof located in Uniondale, New York using the names, trademarks and service marks, logos and likenesses of the SMG, Performers or entertainment events (or anything similar or confusing thereto) appearing at Nassau Coliseum.

    (b) Representing that any article manufactured, distributed, sold, held for sale or advertised by the Defendants is sponsored by or authorized by SMG or the Performers or their respective souvenir merchandising licensees.

2. The Court order the U.S. Marshal for this District, and state, county or local law enforcement authorities, and SMG's counsel, the General Manager of the Nassau Coliseum, the Comptroller of the Nassau Coliseum, and any company, agent, or employee hired to seize,

1681457.1\C046113\0217541

impound and deliver to SMG or their representatives any and all infringing and imitation souvenir merchandise bearing the names, logos, trademarks and service marks and likenesses of the Performers and events appearing at Nassau Coliseum in Uniondale, New York (including the containers or vehicles in which same are held or transported), which the Defendants sell, attempt to sell or hold for sale, within three miles of the exterior border of and including the area comprising Nassau Coliseum, from twenty-four (24) hours prior to the scheduled time of a performance or event until twenty-four (24) hours after completion of same.

3. After a hearing on the merits, this Court issue a Permanent Injunction prohibiting the Defendants from selling or attempting to sell infringing, imitative souvenir merchandise as described in subdivisions 1 and 2 above and ordering seizure, destruction, or donation of all such Bootleg Souvenir Merchandise wherever found.

4. Such other and further relief which this Court deems to be reasonable, necessary and just.

Dated: New York, New York
July 16, 2012

BRYAN CAVE LLP

By: _____
Noah M. Weissman (NW 8592)
nmweissman@bryancave.com
Megan Awerdick (MA 2327)
megan.awerdick@bryancave.com
1290 Avenue of the Americas
New York, New York 10107
(212) 541-2000

*Attorneys for Plaintiff*

11

1681457.1\C046113\0217541