**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------- x
SMG,

              Plaintiff,

-against-

VARIOUS JOHN DOES, JANE DOES and
ABC COMPANY,

              Defendants.
--------------------------------- x

CV 12 3537

_____ CV _____

FEUERSTEIN, J.

BOYLE, M.J.

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK
2012 JUL 17 PM 3:24
FILED
CLERK

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S REQUEST FOR EQUITABLE RELIEF**

BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10107
(212) 541-2000
*Attorneys for Plaintiff*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ................................................................................................................. 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT .......................................................................................................................... 4

    POINT I    DEFENDANTS' ACTIVITIES CONSTITUTE A VIOLATION OF SECTION 43 (a) OF THE LANHAM ACT AND ENTITLE SMG TO INJUNCTIVE RELIEF AND AN ORDER OF SEIZURE ............................... 4

    POINT II    A RESTRAINING ORDER IS BOTH NECESSARY AND PROPER .......... 11

CONCLUSION .................................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

Alum-A- Fold Shutter Corporation v. Folding Shutter Corp. et al., 441 F.2d 556
 (5th Cir 1971)......................................................................................................................6

Ames Publishing Company, v. Walter Davis Publication, 372 F. Supp. 1
 (E.D. Penn. 1974)................................................................................................................6

Apollo Distributing Co. v. Apollo Imports, Inc., 341 F. Supp. 455 (S.D.N.Y. 1972)..................6, 8

Billy Joel v. Various John Does, 499 F. Supp. 791 (D.C. Wis. 1980) ..........................................12

Boston Professional Hockey Association v. Dallas Cap & Emblem Manufacturing, Inc.,
 510 F.2d 1004 (5th Cir. 1975) ............................................................................................7

CBS Inc. v. Springboard International Records, 429 F. Supp. 563 (S.D.N.Y. 1976)....................5

Communications Satellite Corporation v. Comset, Inc., 429 F.2d 1245 (4th Cir. 1970) ..............12

Dallas Cowboys v. Pussycat Cinema, Ltd., 604 F.2d 200 (2d Cir. 1979) .....................................6

Fimab- Finanziaria Maglificio v. Kitchen, 548 F. Supp. 248 (S.D. Fla. 1982) .......................11, 12

Friend v. H.A. Friend & Company, 416 F.2d 526 (9th Cir. 1969) ................................................8

Genesee Brewing Co., Inc. v. Stroh Brewing C., 124 F.3d 137 (2d Cir. 1997) .............................5

Gilliam v. American Broadcasting Companies, Inc., 538 F.2d 14 (2d Cir. 1976) ........................7

Gold Seal v. Weeks, 129 F. Supp. 928, 105 U.S.P.Q. 407, aff'd sub nom., S.C. Johnson
 and Son, Inc. v. Gold Company, 230 F.2d 832, 108 U.S.P.Q. 400 (D.C. Cir. 1955)..........8

Haliburton Co. v. Haliburton Pipe & Steel, Inc., 1980 WL. 30320, 207 U.S.P.Q. 318
 (S.D. Tex. 1980).................................................................................................................6

Hecht Company v. Bowles, 321 U.S. 321 (1944)..........................................................................9

Lemon v. Kurtzman, 411 U.S. 192 (1973) .....................................................................................9

New West Corp. v. NYM Co. of California, Inc., 595 F.2d 1194 (9th Cir. 1979)......................5, 8

Pantone Inc. v. A.I. Friedman, Inc., 294 F. Supp. 545 (S.D.N.Y. 1968).......................................7

Parkway Bacon Company v. Freihofer Bacon Company, 255 F.2d 641 (3rd Cir. 1968)................6

Smithwick v. Lorants Army & Sporting Goods, Inc., 153 So. 2d 196 (1963) ..............................8

U-Haul International, Inc. v. Jartran, Inc., 681 F.2d 1159 (9th Cir. 1982).................................6

## STATUTES

15 U.S.C. § 1051..............................................................................................................................2

15 U.S.C. § 1116......................................................................................................................6, 7, 8

15 U.S.C. § 1117..............................................................................................................................6

15 U.S.C. § 1118..............................................................................................................................8

15 U.S.C. § 1125(a)(1)(A) ..............................................................................................................4

15 U.S.C. § 1126(h).........................................................................................................................6

15 U.S.C. § 1127..............................................................................................................................5

28 U.S.C. § 1331..............................................................................................................................2

28 U.S.C. § 2201..............................................................................................................................2

28 U.S.C. § 2202..............................................................................................................................2

## INTRODUCTION

This is a case for trademark, trade name and trade dress infringement, unfair competition, misappropriation of right of publicity and interference with contractual rights against defendants who are selling identical or similar copies of souvenir merchandise embodying trademarks, trade names and logos exclusively owned or licensed to SMG for sale at Nassau Veterans Memorial Coliseum complex, including Nassau Coliseum and Exhibition Hall in Uniondale, New York (collectively "Nassau Coliseum"). The souvenir merchandise that the defendants are selling are "imitative," "bootleg," or counterfeit copies (collectively "Bootleg Souvenir Merchandise") of the legitimately authorized and licensed, high-quality souvenir merchandise sold by SMG at Nassau Coliseum.

This is a related case to Facility Management of New York, et al v. Jane Does, et al, 86-CV-4201 (E.D.N.Y.), assigned to Judge I. Leo Glasser. SMG's predecessor-in-interest (Facility Management of New York) brought an action and sought preliminary and permanent injunctive relief, as SMG does now, to combat attempts to sell Bootleg Souvenir Merchandise at Nassau Coliseum. See Exhibits A & B attached to the Affidavit of Noah Weissman ("Weissman Affidavit"). Judge Raymond Dearie issued a preliminary injunction, in the same form as SMG now seeks, which authorized SMG to seize Bootleg Souvenir Merchandise. See Exhibit C attached to the Weissman Affidavit. Subsequently, Judge Henry Bramwell issued an order making the injunction permanent. See Exhibit D attached to the Weissman Affidavit.

Subsequently, Judge Glasser held a pretrial conference to determine a procedure to handle the ongoing problem of Bootleg Souvenir Merchandise at the Coliseum and assess the necessity of keeping open the earlier filed action. Judge I. Leo Glasser, as a result of that conference, directed that: (1) SMG dismiss the then current action; (2) but allowed SMG to bring

1682452.1\C046113\0217541

quarterly future actions seeking the injunctive relief as related cases to the original injunction action and obtain the same injunctive relief; and (3) at the end of each quarter, SMG is to promptly close each action by obtaining a default judgment and permanent injunction against defendants who do not answer or appear to contest the action. See Exhibit E attached to the Weissman Affidavit.[1]

Accordingly, SMG, by its complaint and motion, makes an application to this Court for a Temporary Restraining Order, Order of Seizure and Preliminary Injunction to prohibit the sale of infringing Bootleg Souvenir Merchandise by the defendants at sports and entertainment events held at Nassau Coliseum. The Temporary Restraining Order is filed pursuant to Federal Rules of Civil Procedure 64 and 65, and jurisdiction is founded upon 15 U.S.C. sections 1051 et. seq., and 28 U.S.C. sections 1331, 2201, and 2202.

## STATEMENT OF FACTS

Plaintiff SMG leases and operates one of the finest and most famous sports, entertainment, convention and general exposition complexes in the world, the Nassau Veterans Memorial Coliseum, which includes the Nassau Coliseum and Exhibition Hall (collectively "Nassau Coliseum") located in Uniondale, New York. See ¶ 3 of the Affidavit of Jerry Goldman ("Goldman Affidavit").

---

[1] On October 29, 2007, District Judge Sandra Feuerstein held a status conference, with only SMG's counsel present, in a related case, SMG v. Various John Does, Jane Does, and ABC Company, 03-CIV-2032 (E.D.N.Y.), and requested that new civil actions be filed each year. See ¶ 6 of the Weissman Affidavit. Counsel for SMG thereafter filed a new related civil action, captioned SMG v. Various John Does, Jane Does, and ABC Company, 07-CIV-05336 (E.D.N.Y.). On April 8, 2008, District Judge Sandra Feuerstein held a telephonic status conference, with only SMG's counsel on the line, in SMG v. Various John Does, Jane Does, and ABC Company, 07-CIV-05336 (E.D.N.Y.), and requested that new civil actions be filed twice yearly. See ¶ 7 of the Weissman Affidavit.

Since January 6, 1972, SMG, as successor in interest, holds the exclusive right to sell all souvenir merchandise at Nassau Coliseum, with a limited exception for merchandise sold by the Islanders and Dragons.[2] See ¶ 3 of the Goldman Affidavit. In this capacity, SMG is the exclusive vendor and licensee of all such souvenir merchandise sold at Nassau Coliseum including merchandise embodying the trademarks, service marks, logos and designs exclusively licensed to SMG for sale in and around Nassau Coliseum. See ¶ 5 of the Goldman Affidavit.

In addition, whenever any entertainment event or performer desires to sell souvenir merchandise at the Nassau Coliseum bearing proprietary trademarks, copyrights, logos, designs, likenesses, and names of the events or performers, all such souvenir merchandise must be and is sold exclusively by SMG. See ¶¶ 5-6 of the Goldman Affidavit. No other person or entity is authorized to sell such souvenir merchandise in or around Nassau Coliseum. Id.

Inside the Nassau Coliseum, SMG sells substantial quantities of souvenir merchandise bearing the proprietary marks of one or more of the performers or events. See ¶ 7 of the Goldman Affidavit. These sales will produce income for SMG, the performers or events themselves, together with substantial taxes for Nassau County, New York State, and the federal government. (The performers, artists, musical groups, sports teams and athletes, and other entities and events appearing at Nassau Coliseum who have authorized legitimate souvenir merchandise to be sold at the Nassau Coliseum are referred to collectively as the "Performers").

---

[2] The New York Islanders retain their rights to sell all NHL proprietary souvenir merchandise at Nassau Coliseum bearing proprietary trademarks, copyrights, logos, designs, likenesses, and names of the NHL during Islander Hockey games.

3

1682452.1\C046113\0217541

This action intends to combat the problem of Bootleg Souvenir Merchandise that causes substantial economic losses to venues and licensed merchandisers. Similar lawsuits have been filed in many jurisdictions and the relief sought here has been obtained in both federal and state courts. See Exhibit F attached to the Weissman Affidavit. Indeed, this Court previously granted SMG's predecessor the exact relief presently requested in this motion. See Exhibit D attached to the Weissman Affidavit. As noted below, SMG's request for a Temporary Restraining Order, Preliminary Injunction and Order of Seizure is amply supported in law and the Court has previously granted this relief to SMG.

Without the issuance of the requested injunction requested by SMG, SMG, the Performers, and New York State and local taxing authorities will suffer substantial economic loss and the defendants will continue to openly flaut the law for their own economic gain.

## ARGUMENT

### POINT I

### DEFENDANTS' ACTIVITIES CONSTITUTE A VIOLATION OF SECTION 43 (a) OF THE LANHAM ACT AND ENTITLE SMG TO INJUNCTIVE RELIEF AND AN ORDER OF SEIZURE

Section 43(a) of the Lanham Act, entitled "False designations of origin and false descriptions, and dilution" provides:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which. . .is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her

4

1682452.1\C046113\0217541

goods, . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act..

15 U.S.C. § 1125(a)(1)(A).

The stated intent of the act is to protect persons engaged in "commerce against unfair competition," and "to prevent fraud and deception in such commerce by the use of reproductions, copies, counterfeits, or colorable imitations of registered marks." 15 U.S.C. Section 1127. In enacting Section 43(a), Congress created a new federal statutory tort, which is remedial and should be broadly construed. CBS Inc. v. Springboard Int'l Records, 429 F. Supp. 563, 566 (S.D.N.Y. 1976).

The elements of a cause of action under Section 43(a) are: (1) the involvement of either goods or services: (2) activity which affects interstate commerce; and (3) a "false designation of origin, or any false description or representation" relating to the product. Id. See also, Genesee Brewing Co., Inc. v. Stroh Brewing Co., 124 F.3d 137, 150 (2d Cir. 1997).

The Court in New West Corp. v. NYM Co. of California, Inc., 595 F. 2d 1194 (9th Cir. 1979), summarized the settled law in relation to actions prohibited by Section 43(a) as follows:

> To recover for a violation of this act, it is not necessary that a mark or trademark be registered. The dispositive question is whether the party has a reasonable interest to be protected against false advertising. . . .
>
> Trademark and trade name infringement, or unfair competition, preclude one from using another's distinctive mark or name if it will cause the likelihood of confusion or deception as to the origin of the goods.
>
> Similarly, under the Lanham Act (43(a)), the ultimate test is whether the public is likely to be deceived or confused by the similarity of the marks.

New West Corp., 595 F.2d at 1198-99.

5

1682452.1\C046113\0217541

The defendants have and will continue to appropriate the trademarks, service marks, trade names, logos, likenesses and artwork of the Performers at Nassau Coliseum, and use them in their sale of Bootleg Souvenir Merchandise. See ¶¶ 10-13 of the Goldman Affidavit. Defendants misappropriation creates the impression that the Bootleg Souvenir Merchandise is connected with or originates from the owners of the marks or their licensees, which creates the likelihood of deception as to the origin of these products. See Apollo Distributing Co. v. Apollo Imports, Inc., 341 F.Supp. 455, 458 (S.D.N.Y. 1972). Defendants' actions violate Section 43(a) of the Lanham Act. See Alum-A- Fold Shutter Corporation v. Folding Shutter Corp. et al., 441 F.2d 556 (5th Cir 1971).

There is no need to show that any false description or representation by the defendants is willful or intentional. Parkway Bacon Company v. Freihofer Bacon Company, 255 F2d 641, 648 (3rd Cir. 1968). The Lanham Act only requires that the representations or descriptions either be "false" or is "tending falsely to describe or represent" the goods or services in question. Thus, liability under Section 43(a) is not restricted solely to descriptions that are literally false, but it extends to instances where the defendant creates a false impression. U-Haul International, Inc. v. Jartran, Inc., 681 F.2d 1159 (9th Cir. 1982); Ames Publishing Company v. Walter Davis Publication, 372 F.Supp. 1, 10 (E.D. Penn. 1974); Haliburton Co. v. Haliburton Pipe & Steel, Inc., 1980 WL 30320, 207 USPQ 318 (S.D. Tex. 1980).

Section 44(h) of the Lanham Act provides as follows:

> Any person designated in paragraph (b) of this section is entitled to the benefits and subject to the provisions of this act and shall be entitled to effective protection against unfair competition and the remedies provided herein for infringement of mark shall be available insofar as they may be appropriate in repressing acts of unfair competition.

15 U.S.C. § 1126(h).

Once a violation of the Lanham Act is demonstrated, injunctive relief will readily issue pursuant to sections 34 and 35 of the Lanham Act (15 U.S.C. §§ 1116, 1117). See e.g. Dallas Cowboys v. Pussycat Cinema, Ltd., 604 F.2d 200, 205 (2d Cir. 1979) (enjoining the exhibition and distribution of a motion picture film featuring a uniform strikingly similar to one worn by the Dallas Cowboy Cheerleaders); Boston Professional Hockey Ass'n v. Dallas Cap & Emblem Mfg., Inc., 510 F.2d 1004, 1013 (5th Cir. 1975), cert. denied, 423 U.S. 868, reh. denied, 423 U.S. 991 (1975) (issuing injunction against emblem manufacturer from making and selling embroidered cloth emblems embodying the N.H.L. and a professional hockey teams' registered trademarks and service marks without permission).

Injunctive relief is appropriate when a party's proprietary rights are threatened by the sale of potentially inferior versions of its product, together with the sale of a mark or ornamentation indicating affiliation with the party. See e.g. Gilliam v. American Broadcasting Companies, Inc., 538 F.2d 14 (2d Cir. 1976) (injunction issued protecting work of "Monty Python" comedy group which will cause damage to the author's reputation); Pantone Inc. v. A.I. Friedman, Inc., 294 F.Supp. 545 (S.D.N.Y. 1968) (injunction issued prohibiting inferior cross-reference system on color matching charts).

Section 34 of the Lanham Act gives the court the power to grant injunctions "to prevent the violation of right" of the owner of a mark. 15 U.S.C. § 1116. The critical operative word is "prevent," which, in the instant case, is literally impossible without seizure of the Bootleg Souvenir Merchandise.

7

As to enforcement remedies, seizure is specifically authorized for combating bootleg merchandise. The Lanham Act states in Section 36, which is entitled "Destruction of infringing articles:"

> In any action arising under this chapter, in which a violation of any right of the registrant of a mark, . . shall have been established, the court may order that all labels, signs, prints, packages, wrappers, receptacles and advertisements in the possession of the defendant, bearing the registered mark or. . . . any reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of making the same, shall be delivered up and destroyed.

15 U.S.C. § 1118.

Sections 1116 and 1118 of the Lanham Act grant this Court the right to issue an ex parte order to seize and deliver for destruction infringing goods, more specifically in this present case, the Bootleg Souvenir Merchandise. See 15 U.S.C. § 1116 (right to seize); 15 U.S.C. § 1118 (right to deliver and destroy).

It is well established that Sections 34 and 35 relief is available in actions brought under sections 43(a) and 44. Trademark Protection and Practice, Jerome Gilson, Mathew Bender, 1974, Section 7.02(3). See e.g. Gold Seal v. Weeks, 129 F.Supp. 928, 105 U.S.P.Q. 407, aff'd sub nom., S.C. Johnson and Son, Inc. v. Gold Company, 230 F.2d 832, 108 U.S.P.Q. 400 (D.C. Cir. 1955); Friend v. H.A. Friend & Company, 416 F.2d 526, 534 (9th Cir. 1969).

For the same reasons, Section 36 remedies are available as well. Smithwick v. Lorants Army & Sporting Goods, Inc., 153 So.2d 196 (1963). Since the same policy objective of preventing deceptive or fraudulent merchandise from entering into interstate commerce underlies the protection of non-registered marks under other sections of the Act, (See New West, supra: Apollo, supra ), the same remedies are available to SMG under Section 43(a) of the Act. As

such, SMG is entitled to whatever relief is provided by the Lanham Act, including seizure. Without seizure, these defendants will be undeterred and will continue to inflict unrepeatable injury.

Furthermore, the court, through its exercise of equity power, has the authority to issue such relief as merits the necessities of each particular case. Hecht Company v. Bowles, 321 U.S. 321, 329 (1944). An equitable remedy is a blend of what is necessary, fair, and workable. The court must look to the practical realities and necessities involved in reconciling competing interests. Lemon v. Kurtzman, 411 U.S. 192, 200-201 (1973). The practical reality of the present set of circumstances is that SMG, to protect its own and the Performers economic interests, has no other recourse, has no means of recovering their losses, and is unable to procure the presence of the defendants in a court of law.

Recognizing these practical and equitable considerations, courts regularly have issued ex parte "seizure orders." Such orders empower plaintiffs, through various agents, to seize all counterfeit merchandise present at or near the venue. The loss of the bootleg merchandise by the counterfeiters creates a genuine disincentive against trademark counterfeiting. Such seizure orders have been entered ex parte in the following cases, among others: NBA Properties, Inc. v. John Does, et al., U.S.D.C. Mass., D.J. Zobel, U.S.D.C. May 30, 1986; Bongiovi et al. v. John Does, 85 CIV. 4058, E.D.N.Y., November 7, 1985; Duran et al. v. John Does, 85 CIV. 0523 S.D.N.Y., January 22, 1985; Mark Knopfler et al. v. John Does, 85 CIV. 0523 S.D.N.Y., October 3, 1985; Segall et al. v. John Does, 84 CIV. 5186 S.D.N.Y., August 14, 1984; Perry et al. v. John Does, 84 CIV. 44131 S.D.N.Y., June 27, 1984; Medlocke et al. v. John Doe, 81 CIV. 6231 S.D.N.Y., January 27, 1982; Halford v. John Doe, 80 CIV. 3801, S.D.N.Y., July 3, 1980; Seger v. John Doe, 80 CIV. 5165, S.D.N.Y., September 10, 1980; Blubeck et al v. John Doe, 80 CIV.

9

6083, S.D.N.Y. October 27, 1980; Travers et al. v. John Doe, 81 CIV. 274 D. Arizona March 16, 1981; Blackmore et al. v. John Doe, 81 CIV. 275 D.Ariz. March 16, 1981; Shaw v. John Doe, 80 CIV. 722, S.D.N.Y., Feb. 6, 1980; 2578, S.D.N.Y., May 7, 1980; and E.D.N.Y., 80 CIV. 1389, May 22, 1980; Eagles el: al v. John Doe, 80 CIV. 192, D. Conn., June 10, 1980; Great Southern Company, Inc. v. John Doe, 84 CIV. 0624 C.D., California February 9, 1984; Wharton et al. v. John Does, 83 CIV: 3:395 California, November 10, 1981; Great Southern Company, Inc. v. John Does, 84 CIV. 0262 C.D. California, January 16, 1984; Brockum International, Inc. v. John Does, 83 CIV. 3398 C.D. California, May 24, 1983; Brockum v. John Doe, D.Mo., October 16, 1980; Brockum v. John Doe, 80 CIV. 1569, W.D.La, October 28, 1980; and Hewson et al. v: John Doe, 83 CIV. 1706, D. N.J., May 12, 1983. See Exhibit F attached to the Weissman Affidavit.

Indeed, in a prior motion, this Court granted SMG the exact relief SMG currently seeks. See Facility Management of New York, et. al. v. Jane Does, et. al., 86-CV-4201 (E.D.N.Y.). Other courts in this and other jurisdictions have granted such relief in cases virtually identical to this present matter with respect to arenas and their concessionaires in New York, Philadelphia, Hartford, Cincinnati and Worcester, as follows:

> Facility Management of New York v. Various John Does, et. al., U.S.D.C., E.D.N.Y., D.J. Bramwell, 1987
>
> Madison Square Garden Corporation, et al. v. John Does, et al. U.S.D.C., S.D.N.Y., D.J. John M. Walker,: 1986
>
> Radio City Music Hall Productions, Inc. v., John Does, et al. U.S.D.C., S.D.N.Y., D.J. John M. Walker, 1986
>
> Philip Bender et al. v. John Does, et al. U.S.D.C., S.D.N.Y., D.J. Wm. E. Conner, 1983
>
> The Spectrum Ltd. v. John Does, et al.

Phila. Cnty., Ct. of Cmn. Pleas, J. Stanley H. Greenberg, 1983

<u>Hartford Civic Center v. John Does et al.</u>
U.S.D.C., Conn., D.J. Cabranes [Date]

<u>Cincinnati Riverfront Coliseum v. John Does et al.</u>
U.S.D.C., S.D. Ohio, D.J. Carl B. Rubin, 1981

<u>Facility Merchandising Incorporated v. John Does, et al.</u>
U.S.D.C., Mass., D.J. Zobel, 1982

Copies of these Orders and, most importantly, this Court's order with respect to Nassau Coliseum are annexed to the Weissman Affidavit as Exhibit F.

As this Court previously recognized and as other courts have recognized, an immediate preliminary injunction is necessary to prevent the irreparable harm and injury caused by Bootleg Souvenir Merchandise.

## POINT II

### A RESTRAINING ORDER IS BOTH NECESSARY AND PROPER

Without a restraining order allowing seizure of Bootleg Souvenir Merchandise, SMG, the Performers, the entertainment events, and those associated with the events or performances will be irreparably injured. See ¶¶ 14-15 of the Goldman Affidavit.

The need for an <u>ex parte</u> restraining and seizure order are explained by the court in <u>Fimab-Finanziaria Maglificio v. Kitchen</u>, 548 F.Supp 248 (S.D. Fla. 1982). There, in granting the plaintiffs such an order for seizure, the court explained that notice:

> would be likely to result in the disappearance of the counterfeit FILA goods and related records, or the 'dumping' or transfer of the counterfeit goods to unknown third parties jeopardizing plaintiffs' ability to prevent irreparable injury, to stop distribution of

11

> counterfeit FILA products and to determine the source and extent of the defendants' dealings.

The Court went on to note that:

> Plaintiffs have brought to the Court's attention the burgeoning case law around the country which have recognized and approved as both appropriate and necessary judicial relief the granting of temporary restraining orders without notice, expedited discovery, and immediate seizure by the United States Marshal of counterfeit goods.
>
> Most of these cases are unreported. In this judicial district, such relief has been granted many times in trademark counterfeiting cases. See, e.g., Fimab-Finanziaria Maglificio Biellese Fratelli Fila S.p.A v. Sebelen, Civil Action No. 81-1058-CIV-JE (S.D.Fla. 1981) (the same plaintiffs here); Playboy Enterprises, Inc. v. P.K. Sorren export Company, Inc. of Florida, 546 F.Supp. 987 (S.D. Fla. 1982).
>
> The weight of authority around the country appears to favor the granting of ex parte seizure orders in trademark counterfeiting cases, where fake version of well known brands are deliberately passed off to the public as the genuine article. See, e.g., Jordache Enterprises, Inc. v. Mustell Fashions, Inc., San S. Lee and Lee Sportswear Co., 80 Civ. 5291 (S.D.N.Y. 1980); Calvin Klein Company and Centerfold Industries, Inc. v. Snooty Tooty's, 80 Civ. 2448 (D.C.Kan. 1980); Rock Tours, Ltd v. Various John Does, 80-742-MA (D.Mass. 1980). In Cartier, Incorporated v. Bags 'N' Things, Inc., Civil Action C82-34A (N.D.Ga. 1982), Judge Ward ordered seizure of counterfeits in the possession of any "John Does" identified later by plaintiffs, and later, when the John Does were identified as residents of a different judicial district, ordered seizure in that district.

Fimab-Finanziaria Maglificio, 548 F.Supp at 249-50.

In Billy Joel v. Various John Does, 499 F.Supp 791(D.C. Wis. 1980), the Court for the Eastern District of Wisconsin, in issuing an injunction and order of seizure stated: "[w]ere the injunction [and order of seizure] to be denied, plaintiffs would be without any legal means to prevent what is clearly a blatant infringement of their valid property rights." Billy Joel, 499 F.Supp at 792. Further, the damage caused by confusion to the public is incapable of precise

12

financial measurement given the intangible nature of an asset such as good will. Communications Satellite Corporation v. Comset, Inc., 429 F.2d 1245, 1253 (4th Cir. 1970).

In the present case, it is clear from SMG's past experiences that the defendants will be around only long enough to sell their Bootleg Souvenir Merchandise and then promptly disappear. Under the circumstances, there is absolutely no other means of preventing the defendants from destroying a substantial portion of SMG's business without an actual order of seizure.

All of the defendants are unauthorized and unlicensed vendors who sell their Bootleg Souvenir Merchandise almost exclusively outside Nassau Coliseum at each event year in and year out. The expenses involved in litigation and applying for temporary restraining orders and seizure orders for every Performer or event at Nassau Coliseum is extremely prohibitive. If the requested relief is denied, SMG will be left without a financially feasible remedy at law or in equity.

In a June 1995 letter, Judge I. Leo Glasser accepted SMG's proposal of an alternative procedure to obtain injunctive relief. See Exhibit E attached to the Weissman Affidavit. Judge Glasser agreed to allow SMG to file four new civil actions each year (on a quarterly basis)[3] as related cases, to the 1997 injunction granted by Judge Bramwell, covering the events at Nassau Coliseum. Id. Every six months, SMG will promptly close each action by obtaining a default judgment and permanent injunction against defendants who do not answer or appear to contest the action. Id.

---

[3] District Judge Sandra Feuerstein has since requested that new civil actions be twice yearly. See ¶ 7 of the Weissman Affidavit.

13

1682452.1\C046113\0217541

The only effective way for SMG herein to obtain relief is to have this Court order a preliminary injunction and seizure order the mandate of which will be respected throughout the Eastern District. If the requested relief is not granted by this Court, defendants will continue to use the good name and good will associated with SMG and Performers to reap unearned benefits to which they have financially contributed nothing and to which they are not, nor ever have been, legally or equitably entitled.

## CONCLUSION

For the reasons set forth above and upon the motion, complaint and affidavits, SMG respectfully submits that its motion for a Temporary Restraining Order, Preliminary Injunction and Order of Seizure be granted.

DATED:     New York, New York
July 16, 2012

BRYAN CAVE LLP

By: _____

Noah Weissman
nmweissman@bryancave.com
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 541-2000
Fax: (212) 541-1428
*Attorneys for Plaintiff*

14